UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA J. MOORE,                                    Case No. 14-13202

              Plaintiff,                 United States District Judge
v.                                                   Marianne O. Battani

COMMISSIONER OF SOCIAL SECURITY,                     Michael Hluchaniuk
                                                     United States Magistrate Judge
              Defendant.
_____/


**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 14, 15)**

## I.    PROCEDURAL HISTORY

      A.    Proceedings in this Court

On August 29, 2014, plaintiff filed the instant suit seeking judicial review of

the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant

to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Marianne O.

Battani referred this matter to the undersigned for the purpose of reviewing the

Commissioner's decision denying plaintiff's claims for disability insurance

benefits (DIB) and supplemental security income (SSI).  (Dkt. 4).  This matter is

before the Court on cross-motions for summary judgment.  (Dkt. 14, 15).

      B.    Administrative Proceedings

Plaintiff filed the instant claim for disability insurance benefits on March

1

26, 2008, alleging that she became disabled beginning February 27, 2008.  (Tr. 210-218).  Plaintiff also filed an application for supplement security income on March 18, 2008, alleging that her disability started on the same day.  (Tr. 206-209).   The Commissioner initially denied plaintiff's claims on October 21, 2008.  (Tr. 17).  Plaintiff requested a hearing and on August 24, 2010, plaintiff appeared, with counsel, before Administrative Law Judge (ALJ) John Volz, who considered the case de novo.  (Tr. 33-48).  In a decision dated September 9, 2010, Judge Volz found that plaintiff was not disabled.  (Tr. 104-105).  Plaintiff appealed, and on April 4, 2012, the Appeals Council vacated the September 9, 2010 hearing decision of Judge Volz and entered an order remanding the case for further administrative proceedings.  (Tr. 110-11).

Following the remand order, on November 6, 2012, plaintiff appeared, with counsel, and testified at a hearing before ALJ Laurence E. Blatnik.  (Tr. 49-92).  A vocational expert also appeared and testified.  (Tr. 78-91).  Additional medical evidence was received after the hearing, which was admitted into the record as Exhibit 25F.  (Tr. 636-672).  In a decision dated February 28, 2013, Judge Blatnik found that plaintiff was not disabled.  (Dkt. 27).  Judge Blatnik's decision became the final decision of the Commissioner when the Appeals Council, on June 25, 2014, denied plaintiff's request for review.  (Tr. 1-6).

For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff was born in 1974 and was 33 years of age on the alleged disability onset date.  (Dkt. 11-2, Pg ID 58).  Plaintiff's past relevant work included work as a sales clerk, commercial cleaner, home attendant, child monitor, and laundry worker.  (Dkt. 11-2, Pg ID 57).  The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since the alleged onset date.  (Dkt. 11-2, Pg ID 52).  At step two, the ALJ found that plaintiff's degenerative disc disease of the lumbar spine, right hip trochanteric bursitis, edema and cellulitis of both legs, left little finder crush injury, status-post capsulectomy and open reduction/internal fixation, comminuted fracture of the left second toe distal phalanx, and depression were "severe" within the meaning of the second sequential step.  (Dkt. 11-2, Pg ID 52).  At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  *Id*.

The ALJ concluded that plaintiff had the following residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant can lift or carry twenty pounds occasionally and ten pounds frequently; can stand, walk, and sit for at least six hours of an eight-hour shift; with the need for a sit/stand option that enables her to change position every 20 to 30 minutes. The claimant can never climb ladders, scaffolds, ropes; only occasionally balance, stoop, crouch, kneel, crawl, squat, or climb ramps or stairs; only occasionally reach overhead with the right upper extremity; frequently handle, finger, push or pull with the left hand; never use air, pneumatic, power, torque, or vibratory tools; and never work with dangerous or unprotected machinery or at unprotected heights. Furthermore, the claimant can perform simple unskilled work with a specific vocational preparation (SVP) rating of 1 or 2.

(Dkt. 11-2, Pg ID 53).  At step four, the ALJ found that plaintiff could not perform her past relevant work.  (Dkt. 11-2, Pg ID 57).  At step five, the ALJ denied plaintiff benefits because she could perform a significant number of jobs available in the national economy.  (Dkt. 11-2, Pg ID 58).

### B.    Plaintiff's Claims of Error

Plaintiff asserts that the ALJ who made the second decision was bound by the RFC from the first decision.  In the first decision, the ALJ found that plaintiff was capable of performing a full range of sedentary work.  (Tr. 103-104).  In the second decision, the ALJ concluded that plaintiff was capable of performing light work with a sit/stand option enabling her to change position every 20 to 30

4

minutes.  Other restrictions were included and the work was to be performed at the simple, unskilled level.  (Tr. 5).  According to plaintiff, the initial ALJ's RFC determination must be followed on grounds of res judicata absent evidence of improvement of her medical conditions.  *See Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997).  The ALJ in the second decision found that plaintiff could perform light work with certain restrictions.  Plaintiff contends that absent was a finding of medical improvement in her condition to support a finding of light work in the second ALJ's RFC.

 The ALJ summarized some of the medical evidence, considered assessments made in a functional capacity report, cited a physical source statement but, according to plaintiff, failed to assign any weight to the sources, nor the reasons for doing so, and failed to cite medical documentation indicating an improvement in plaintiff's condition allowing her to be capable of light work.  (Tr. 21-25).  Further, the ALJ in the second decision found that plaintiff was incapable of performing her past relevant work (Tr. 25) citing the vocational expert's testimony, which was similar to the VE testimony in the first hearing.  (Tr. 160).  The VE classified plaintiff's past relevant work from light to medium.  (Tr. 82).  According to plaintiff, finding that plaintiff was incapable of performing her past relevant work at light exertional levels yet finding that she had a light RFC are conflicting and she requests a remand for further findings based upon the

5

applicable case law and for an explanation of the conflicting findings.

Plaintiff next contends that the second ALJ failed to discuss the restrictions placed on her by her long-time treating physician, Dr. Lorna Pinson. (Tr. 300-303). This ALJ cited Dr. Pinson's records from 2008 indicating a lack of severe conditions or complications but failed to include any discussion of the weight assessed to Dr. Pinson's opinion. Further, plaintiff says that the ALJ ignored her emergency room visits on February 8, 2007, October 14, 2007 and February 25, 2008 for complaints of back pain. (Tr. 351-320; 347-348, 357-358, 360-362). Plaintiff also points out that the ALJ in the second decision cites the findings of a consultative examination (Tr. 23; 575-584), but failed to discuss the weight given to this report though appearing to rely on it in determining plaintiff's RFC. In sum, plaintiff contends that the second decision fails to provide specific clear and good reasons for rejecting the opinions of plaintiff's treating physician and the weight assigned to treating physicians and consultative examiners opinions were not discussed.

C.    The Commissioner's Motion for Summary Judgment

In the first decision, ALJ Volz held that plaintiff only had the RFC for sedentary work. (Tr. 103, finding 5). In the second decision, ALJ Blatnik determined she had the RFC for light work. (Tr. 21, finding 5). According to *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997), "[a]bsent

evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ."  Plaintiff claims ALJ Blatnik violated *Drummond* by giving her a less restrictive RFC than ALJ Volz without ever "indicating an improvement in [Plaintiff's] condition allowing her to be capable of light work."  The Commissioner argues, however, that *Drummond* does not apply when, like here, the Appeals Council has vacated the findings of the previous ALJ. (Tr. 110); *see also Kearney v. Colvin*, 14 F.Supp. 3d 943, 949-50 (S.D. Ohio 2014) (collecting cases and noting that "*Drummond* applies only to final decisions issued by the Commissioner, and does not apply when decisions have yet to become administratively final. An ALJ's decision on the merits of a disability application does not become final and binding if the Appeals Council vacates that decision and remands the matter for further proceedings") (citation omitted).  Thus, the Commissioner maintains that this Court should reject plaintiff's argument.

In November 2007, Dr. Pinson wrote that plaintiff could not lift more than ten pounds and that she could not push, pull, bend, or squat until her neurosurgery evaluation.  (Tr. 301).  That evaluation took place on February 29, 2008.  (Tr. 305, 356).  While ALJ Blatnik did not discuss this opinion, the Commissioner contends that could not possibly make any difference.  First, the proceeding was only concerned with plaintiff's physical condition as of February 27, 2008, her alleged onset date.  (Tr. 212).  Opinions predating that period were "of limited relevance."

*Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).

While the Commissioner acknowledges that there was a two-day overlap between

the relevant period and the period covered by the opinion, she contends that the

restrictions in the opinion were only in place between November 2007 and

February 2008, which does not come close to meeting the Social Security Act's

requirement that a disabling impairment last for "for a continuous period of at

least 12 months." 20 C.F.R. §§ 404.1509 and 416.909.  "In the face of this

unsatisfied requirement, [Plaintiff] fails to offer a tenable explanation as to how

the opinion[] of [Dr. Pinson] could lead to a legitimate finding of disability."

*Sharp v. Barnhart*, 152 Fed.Appx. 503, 508 (6th Cir. 2005).  In addition, the

Commissioner points out that the vocational expert testified that someone with the

limitations described in Dr. Pinson's opinion could still perform one of

Michigan's 2,100 office clerk positions.  (Tr. 84, 87-88).  Therefore, even if ALJ

Blatnik explicitly discussed this opinion and assigned it controlling weight,

plaintiff still would have been found not disabled at step five.  (Tr. 26) (ALJ

Blatnik relying on the office clerk position in support of his step five finding); *see*

*also* C.F.R. §§ 404.1566(b) and 416.966(b) ("Work exists in the national economy

when there is a significant number of jobs (in one or more occupations) having

requirements which you are able to meet with your physical or mental abilities and

vocational qualifications…[I]f work that you can do does exist in the national

8

economy, we will determine that you are not disabled"); *Nejat v. Comm'r of Soc. Sec.*, 359 Fed.Appx. 574, 579 (6th Cir. 2009) (2,000 jobs is a significant number). Thus, any error in failing to discuss or weigh that opinion was harmless. *See Rutherford v. Comm'r of Soc. Sec.*, 67 Fed.Appx. 333, 334 (6th Cir. 2003) (declining to remand where the error did not affect the outcome of the case).

Dr. Sachdev performed a consultative examination on plaintiff in April 2012, assigning various functional limitations in the process. (Tr. 575-584). ALJ Blatnik thoroughly discussed Dr. Sachdev's opinion (Tr. 23), and, as plaintiff acknowledges, "appear[ed] to rely upon it in determining [her] RFC." (Pl's Mem. 8). Plaintiff does not argue that ALJ Blatnik improperly weighed Dr. Sachdev's opinion—she faults him for not assigning it any weight at all. (Pl's Mem. 8). The Commissioner acknowledges that ALJ Blatnik did not assign any weight one way or the other to Dr. Sachdev's opinion, however, because Dr. Sachdev was not a treating source, ALJ Blatnik "had no heightened articulation requirement as to [her] opinion[]." *Hutchinson v. Comm'r of Soc. Sec.*, 2013 WL 4604561, at *16 (E.D. Mich. 2013); *see also Tate v. Comm'r of Soc. Sec.*, 2014 WL 4536929, at *19 (E.D. Mich. 2014), quoting *Karger v. Comm'r of Soc. Sec.*, 414 Fed. Appx. 739, 744 (6th Cir. 2011) ("the ALJ is not 'under any special obligation to defer to [non-treating physician] opinion[s] or to explain why he elected not to defer to [them]'").

9

Additionally, the Commissioner argues that plaintiff's burden in this proceeding is far more onerous than merely providing single-sentence arguments that identify errors in ALJ Blatnik's opinion writing technique. *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir. 2004) ("We will not set aside an administrative finding based on an arguable deficiency in opinion-writing technique when it is unlikely it affected the outcome") (citations and quotations omitted). After all, just as "there can be no such thing as an error-free, perfect trial," there can be no such thing as an error-free, perfect administrative decision, especially in an agency called upon to adjudicate a nearly inconceivable number of claims every year. *United States v. Hastings*, 461 U.S. 499, 508 (1983); *see also Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988) ("The administrative structure and procedures of the Social Security system, which affects virtually every American, are of a size and extent difficult to comprehend.  Millions of claims are filed every year under the Act's disability benefits programs alone…").  Therefore, as noted above, the only errors requiring remand are those that harm the claimant. *Rutherford*, 67 Fed.Appx. at 334.  According to the Commissioner, whatever ALJ Blatnik did or did not do with respect to Dr. Sachdev's opinion is harmless because there is no scenario under which that opinion could have led to a finding of disability.  ALJ Blatnik asked the VE whether the limitations in Dr. Sachdev's opinion would prevent plaintiff from performing the some of the jobs he relied

upon in support of his step five finding (Tr. 85), and the VE testified that they would not.  (Tr. 86). Thus, the Commissioner says that the Court should not remand on this issue.

Plaintiff also claims that ALJ Blatnik ignored evidence contained in exhibits 2F and 3F (Pl's Mem. 7), despite the fact that he cited directly to those exhibits. (Tr. 24) (citing Exhibits 2F and 3F, Tr. 304-36).  According to the Commissioner, this claim is extremely difficult to credit.  *Bauer v. Soc. Sec. Admin.*, 734 F.Supp.2d 773, 811 (D. Minn. 2010), quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (holding that "an ALJ is not required to discuss every piece of evidence, and finding it 'highly unlikely' that the ALJ did not consider an opinion contained in treatment notes that the ALJ referenced"); *see also Kornecky v. Comm'r of Soc. Sec*., 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.").  The Commissioner also contends that it is difficult to see how specific acknowledgment of the evidence plaintiff highlights would make any difference.  *See Rutherford*, 67 Fed.Appx. 333, 334 (error is harmless where it does not affect the outcome of the case).  Plaintiff notes that exhibits 2F and 3F contain "complaints of back pain" (Pl's Mem. 7), but ALJ Blatnik found that plaintiff had a severe back condition. (Tr. 20, finding 3) (noting that plaintiff's "degenerative disc disease of the lumbar spine" was a severe

11

impairment).  Because the sequential evaluation continued to the RFC stage, the

question became what plaintiff could or could not do in the workplace, not what

she did or did not suffer from.  *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239

(6th Cir. 2002).  The Commissioner also asserts that if exhibits 2F and 3F contain

work-related limitations beyond those found in plaintiff's RFC, she has not

explained what they are.  Thus, the Commissioner maintains that the Court should

not remand on this issue.

Even though ALJ Blatnik decided step four in plaintiff's favor (Tr. 25,

finding 6), plaintiff is not satisfied because the ALJ:

> found [she] was incapable of performing her past
> relevant work [Tr. 25, finding 6] citing the Vocational
> Expert's (VE) testimony which was similar to the VE
> testimony in the first hearing. [Tr. 160]. The VE
> classified [Plaintiff's] past relevant work from light to
> medium. [Tr. 82]. Finding that [Plaintiff] was incapable
> of performing her past relevant work at light exertional
> levels yet finding that she had a light RFC are
> conflicting.

(Pl's Mem. 5-6).  Plaintiff then "request[s] a remand for…for explanation of

conflicting findings." (Pl's Mem 6).  According to the Commissioner, this

argument is overly simplistic.  ALJ Blatnik did not simply find that plaintiff had a

"light RFC"—he found that she had a light RFC with roughly two dozen other

limitations (Tr. 21, finding 5, 82-83), any one of which could have led the VE to

determine that she was incapable of performing her past relevant work.  (Tr. 83).

12

In addition, the Commissioner contends that plaintiff was not harmed by this decision because ALJ Blatnik decided step four in plaintiff's favor (Tr. 25, finding 6), and, presumably, plaintiff would want him to do so again on remand. The Commissioner maintains that sending this case back so ALJ Blatnik can provide further rationale in support of an identical decision would be an empty exercise. *Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000) ("a remand is not essential if it will amount to no more than an empty exercise"); *Kobetic v. Comm'r of Soc. Sec.*, 114 Fed. Appx. 171, 173 (6th Cir. 2004), quoting *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result").

## III.    DISCUSSION

### A.    Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is

13

not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with

14

observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record

15

only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

    B.   <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the

Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.).  Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled.  F. Bloch, Federal Disability Law and Practice § 1.1 (1984).  While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.

> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C.    Analysis and Conclusions

In *Dennard v. Sec'y of Health & Human Servs.*, 907 F.2d 598 (6th Cir. 1990), the United States Court of Appeals for the Sixth Circuit held that a prior administrative determination regarding the exertional level of a claimant's past work was binding in subsequent administrative proceedings. *Dennard*, 907 F.2d at 600. *Dennard* "involved a *final determination* in a prior application being applied in a subsequent application." *Melton ex rel. Est. of Melton v. Comm'r of Soc. Sec.*, 178 F.3d 1295 (6th Cir. 1999) (emphasis added). *Dennard* "clearly demonstrate[s] that the principles of *res judicata* can be applied against the Commissioner. When the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this

19

determination absent changed circumstances." *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir.1997).

Here, plaintiff claims that *res judicata* estops the second administrative law judge from reversing the finding of the first administrative law judge that she was limited to sedentary work. The earlier decision was not, however, a final decision concerning plaintiff's entitlement to benefits. Rather, as the Commissioner points out, the Appeals Council vacated that decision and remanded the matter for further consideration. The hearings were on the same application, so there was never a binding prior adjudication of disability. *Shope v. Comm'r of Soc. Sec.*, 2015 WL 3823165, at *4 (S.D. Ohio 2015), citing *Melton ex rel. Est. of Melton*, 178 F.3d 1295 at *6 (6th Cir. 1999); *Wireman v. Comm'r of Soc. Sec.*, 60 Fed.Appx. 570, 571 (6th Cir. 2003) ("The only final decision in this case is the March 15, 2000, hearing decision which is now before this court. All other decisions relevant to Wireman's social security disability insurance benefits never became final as they were vacated pursuant to remands for further proceedings. Therefore, Wireman's contention that the ALJ was bound by the findings of ALJ Cogan is meritless."); *Davis v. Callahan*, 145 F.3d 1330 (6th Cir. 1998) ("Under *Dennard*, collateral estoppel applies to a prior final decision. In this case, the Appeals Council vacated the 1992 decision. Therefore, the 1992 decision was not a final decision and *Dennard* is not applicable."). Thus, plaintiff's claim that the second ALJ was

bound by the RFC as formulated by the first ALJ, absent a change in circumstances, is without merit.

Plaintiff next complains that the ALJ failed to mention or give any weight to the opinions of plaintiff's treating physician, Dr. Pinson.  An ALJ's failure to precisely follow the treating physician regulations may constitute harmless error (1) if "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it;" (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion;" or (3) "where the Commissioner has met the goal of [§ 1527(c) ]—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation." *Nelson v. Comm'r of Soc. Sec.*, 195 Fed.Appx. 462, 470 (6th Cir. 2006), quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004). Here, as the Commissioner points out, the vocational expert testified that someone with the limitations described in Dr. Pinson's opinion could still perform one of Michigan's 2,100 office clerk positions.  (Tr. 84, 87-88).  Therefore, the undersigned agrees that even if the ALJ explicitly discussed this opinion and assigned it controlling weight, plaintiff still would have been found not disabled at step five.  (Tr. 26) (ALJ Blatnik relying on the office clerk position in support of his step five finding); *see also* C.F.R. §§ 404.1566(b) and 416.966(b) ("Work exists in the national economy when there is a significant number of jobs (in one

or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications…[I]f work that you can do does exist in the national economy, we will determine that you are not disabled"); *Nejat v. Comm'r of Soc. Sec.*, 359 Fed.Appx. 574, 579 (6th Cir. 2009) (2,000 jobs is a significant number). Thus, any error in failing to discuss or weight that opinion was harmless. *See Rutherford v. Comm'r of Soc. Sec.*, 67 Fed.Appx. 333, 334 (6th Cir. 2003) (declining to remand where the error did not affect the outcome of the case).

The same is true with respect to the ALJ's treatment of consulting examiner, Dr. Sachdev's opinions. The undersigned agrees with the Commissioner's observation that whatever ALJ Blatnik did or did not do with respect to Dr. Sachdev's opinion is harmless because there is no scenario under which that opinion could have led to a finding of disability.  This is so because ALJ Blatnik asked the VE whether the limitations in Dr. Sachdev's opinion would prevent plaintiff from performing the some of the jobs he relied on in support of his step five finding (Tr. 85), and the VE testified that they would not.  (Tr. 86).  Thus, any error in failing to give particular weight to Dr. Sachdev's opinion is entirely harmless.

The undersigned also concludes that plaintiff's complaints that the ALJ failed to mention certain exhibits and erred in the step four finding are without

22

merit.  As the Commissioner points out, the ALJ did, in fact, refer to these exhibits in his decision.  Specifically, while plaintiff notes that exhibits 2F and 3F contain "complaints of back pain", the Commissioner notes that the ALJ found that plaintiff had a severe back condition. (Tr. 20, finding 3) (noting that plaintiff's "degenerative disc disease of the lumbar spine" was a severe impairment).  Thus, it is not clear why plaintiff believes the ALJ erred in this regard.  Moreover, plaintiff fails to argue or establish how these exhibits support any work-related limitations beyond those found in plaintiff's RFC.  Thus, the undersigned finds no error in the ALJ's treatment of these exhibits.

In addition, the ALJ found in plaintiff's favor at step four.  While plaintiff claims that it is entirely inconsistent for the ALJ to conclude that she could not perform her past relevant work, which is classified as light, but could perform other light work, the Commissioner correctly points out that the ALJ did not conclude that plaintiff could perform a full range of light work.  Rather, the ALJ's RFC contains many specific restrictions and limits plaintiff to only certain types of light work.  There is no inconsistency between the ALJ's conclusion that she could not perform her past relevant work and the conclusion that she could still perform a limited range of light work, as supported by the testimony of the vocational expert.  For these reasons, no remand is necessary or appropriate.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: July 15, 2015                    s/Michael Hluchaniuk
                                       Michael Hluchaniuk
                                       United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on July 15, 2015 I electronically filed the foregoing paper with
the Clerk of the Court using the ECF system, which will send electronic
notification to all counsel of record.

                                       s/Tammy Hallwood
                                       Case Manager
                                       (810) 341-7887
                                       tammy_hallwood@mied.uscourts.gov